STATE OF MAINE                                    UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                                   PORTLAND
                                                  Docket No. CR-19-5037

STATE OF MAINE            )
                          )
                          )
v.                        )          ORDER ON MOTION TO SUPPRESS
                          )
                          )
BRITTANY LORE             )
                          )
       Defendant          )

REC'D CUMB CLERKS OFC
MAR 2 '20 PM3:49

Defendant's Motion to Suppress came before the court for hearing on February 25, 2020. Defendant, Brittany Lore, was present with her lawyer, Attorney Craig Francis. Assistant District Attorney Jonathan Liberman appeared on behalf of the State. The court heard testimony from Detective Benjamin Burns of the Cumberland Police Department as well as from Ms. Lore, and listened to an audio recording of Detective Burns's interview of Ms. Lore while she was at the Scarborough Police Station seeking to participate in the Operation Hope drug recovery program.

Ms. Lore seeks suppression of confessions she made during the interview on the ground that she was subjected to custodial interrogation without having been provided the requisite *Miranda* warnings and on the ground that her statements were not voluntarily made. In addition, Ms. Lore seeks the suppression of evidence seized from her cell phone after the interview concluded but before Detective Burns had sought or obtained a warrant.

Based on Detective Burns's testimony, Ms. Lore's testimony, and the evidence captured on the audio recording, the court finds as follows:

Ms. Lore went to the Scarborough Police Department seeking to participate in the Operation Hope drug recovery program. Detective Burns learned that she was at the Scarborough station and informed the Operation Hope Director that he wished to interview Ms. Lore. He asked that she not inform Ms. Lore that he would be coming. When he arrived at the Scarborough station, Ms. Lore was sitting in the lobby. He asked whether she was willing to talk with him, she agreed, and they went into the Operation Hope room. Detective Burns stated at the onset: "You are not under arrest. You are obviously here under your own free will." During

her testimony, Ms. Lore acknowledged that she was at the station of her own free will. Although she testified that she did "not particularly" feel free to leave, she explained: "When you're ready to move ahead and seek treatment, you just want a fresh start, you want to let go of the lies and stop hiding things." During the interview, the door to the room was closed but not blocked or locked. After approximately 25 minutes, Detective Burns left the room after getting Ms. Lore paper and a pen so that she could "write a note" to the family whose items she had admitted to taking and pawning. When Detective Burns returned to the room 10 minutes later, he informed Ms. Lore that she was under arrest. Pursuant to a search incident to arrest, Detective Burns seized her cell phone. Ms. Lore provided him with the passcode which Detective Burns used to put the phone in airplane mode. Ms. Lore testified that Detective Burns was scrolling through her phone while she was having a cigarette prior to being transported in his cruiser. Detective Burns denied scrolling through the phone, and testified that he did not gather any evidence from the phone that day. Detective Burns subsequently obtained a search warrant authorizing the extraction of information from Ms. Lore's cell phone.

"In order for the statements made prior to a Miranda warning to be admissible, the State must prove, by a preponderance of the evidence, that the statements were made while the person was not in custody, or was not subject to interrogation." *State v Bridges*, 2003, ME 103, 829 A.2d 247, 254. The appropriate analysis for this determination is set forth in *State v. Dion*, 2007 ME 87, ¶ 23, 928 A.2d 746, in which the Law Court explained:

> A person not subject to formal arrest may be "in custody" if a reasonable person standing in the shoes of the defendant would have felt he or she was not at liberty to terminate the interrogation and leave or if there was a restraint on freedom of movement of the degree associated with a formal arrest. This test is an objective one, and we have stated in analyzing whether a defendant is in custody, a court may consider the following factors:
>
> 1) the locale where the defendant made the statements;
>
> 2) the party who initiated the contact;
>
> 3) the existence or non-existence of probable cause to arrest (to the extent communicated to the defendant);

2

4) subjective views, beliefs, or intent that the police manifested to the defendant to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;

5) subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;

6) the focus of the investigation (as a reasonable person in the defendant's position would perceive it);

7) whether the suspect was questioned in familiar surroundings;

8) the number of law enforcement officers present;

9) the degree of physical restraint placed upon the suspect; and

10) the duration and character of the interrogation.

*State v. Dion*, 2007 ME 87, ¶ 23, 928 A.2d 746, 750-51 (citing *State v Michaud*, 1998 Me 251 ¶ 4, 724 A.2d 1222, 1226.) *See also State v. Williams*, 2011 ME 36, 15 A.3d 753 (applying above-listed factors in totality in determining that defendant was not in custody at time of police interrogation).

Applying the facts adduced at hearing to the above-listed factors, the court finds that during the interview Ms. Lore was not in custody and accordingly that *Miranda* warnings were not required. A "reasonable person" in Ms. Lore's situation would have felt that she was "at liberty to terminate the interrogation and leave" and there was no "restraint on freedom of movement." *See, e.g., State v. Dion*, 2007 Me 87, ¶ 23. While the test is an objective one, Ms. Lore's testimony establishes that she spoke because she wanted to "move forward in a healthy direction" and "just wanted to be done with things", indicating that subjectively she did not feel compelled to participate in the interview.

A statement is voluntary when "it is the result of defendant's exercise of his own free will and rational intellect." *State v. Sawyer*, 2001 ME 88, 772 A.2d 1173, 1176. *See also State v. Dodge*, 2011 ME 47, ¶ 12, 17 A.3d 128, 132 ("If a criminal defendant challenges the voluntariness of a confession, a court must determine if the confession resulted from the 'free exercise of a rational mind,' was 'not the product of coercive police conduct' and 'if under all the circumstances its

3

admission would be fundamentally fair'") (citations omitted). The court is to apply a totality of circumstances analysis to determine voluntariness, based on consideration of factors such as: 1) the details of the interrogation; 2) the duration of the interrogation; 3) the location of the interrogation; 4) whether the interrogation was custodial; 5) the recitation of *Miranda* warnings; 6) the number of officers involved; 7) the persistence of the officers; 8) police trickery; 9) threats, promises or inducements made to the defendant; and 10) the defendant's age, physical and mental health, emotional stability, and conduct. *Sawyer*, 2001 ME 88, ¶ 9, 722 A.2d at 1176. *See also State v. Lockhart*, 2003 ME 108, ¶ 30, 830 A.2d 433, 444 (setting forth and applying *Sawyer* factors).

Applying these factors to the facts adduced at hearing, the court finds that Ms. Lore's statements were voluntarily made. Ms. Lore testified that she was not under the influence of drugs during the interview, and was not experiencing any physical withdrawal symptoms. The depression and "psychological issues" she testified about did not render her incapable of rational thought and Detective Burns did not engage in trickery or coercive tactics.

Ms. Lore's initiative in seeking help is commendable. The law, however, does not provide a basis for suppressing the evidence obtained during Ms. Lore's interview with Detective Burns because at the time of the interview Ms. Lore was not "in custody" and because her statements were not "involuntary." The court finds, further, no basis for suppression related to the cell phone.

It is accordingly hereby ORDERED that Defendant's Motion to Suppress is DENIED in its entirety.

DATED: 2 MAR 2020

Jed J. French
Judge, Unified Criminal Court

4